NEW-YORK, May, 1806.

Maxwell v. Robinson & Hartshorne.

Order of the sessions affirmed with costs.

## Maxwell *against* Robinson & Hartshorne.

THIS was an action on a policy of insurance, dated the 22d *September*, 1803, upon the schooner *Little Tom*, valued at $2000, " on a voyage from *New-York* to *Barbadoes and a market*, and at and from thence to *New-York*.

The cause was tried at the *New-York* sittings, the 9th *January* 1806, before Mr. Justice LIVINGSTON.

The vessel sailed on her voyage, and arrived at *Barbadoes* in safety, and not finding a market there, proceeded to *Santa Cruz*, after stopping at one or two other places, and finding no market. The greater part of the cargo was sold at *Santa Cruz;* but not being able to sell the residue, the vessel proceeded to *St. Thomas*, where the remainder of the outward cargo was sold, and after taking in a homeward cargo, she set sail for *New-York*. The vessel having encountered very heavy gales of wind, was so shattered as to be obliged to put into *Norfolk* to refit; and the present action was brought to recover the amount of repairs.

A policy of insurance, contained the words " on a voyage from *New-York* to *Barbadoes and a market.*" It was held that these words gave the insured liberty to go, *bona fide*, from island to island in the *West Indies*, until he sold the whole of the cargo.— He may sell a part at one island, and a part at another, until the whole is disposed of.

The plaintiff offered parol evidence to prove, that according to the understanding of merchants, and persons engaged in the *West-India* trade, the words in the policy, " to *Barbadoes* and a market," gave a liberty to go from island to island, in the *West-Indies*, and to sell a part at each, until the whole was disposed of. The counsel for the defendants objected to this evidence; but the judge, considering the word " market," as one of doubtful signification, admitted the proof. Several merchants and

NEW-YORK,
May, 1806.

Maxwell
v.
Robinson &
Hartshorne.

underwriters testified, that these words had been used in policies for many years, and that they always understood, and believed, and that it was generally so received among the merchants trading to the *West-Indies*, that they gave the liberty of going to all or any of the ports in the *West-Indies*, and to touch and trade, until a market was found for all the cargo. Some of the witnesses, however, thought the liberty extended no farther, than to one port beyond that named in the policy, or at least, that after having sold a part of the cargo at one island, the insured could not proceed to another, and be protected by the policy. The jury found a verdict for the plaintiff.

A motion was now made to set aside the verdict, and for a new trial. 1. Because, the *parol* evidence of the meaning of words in the policy, was not admissible. 2. If it was admissible, it was insufficient.

*D. B. Ogden*, for defendants, was stopped by the court.

KENT, C. J. It was decided in 1794, that the words used in the policy, allowed the insured to go from port to port, until he found a market for his whole cargo ; but I do not recollect the name of the case at present.

*Harison*, for the plaintiff. I do not recollect the case alluded to ; but I shall contend that *ex vi termini*, these words give the liberty to go to all or any of the ports in the *West-Indies*, until the whole cargo is sold. I should suppose, however, that it was peculiar to policies on voyages to the *West-Indies*, in reference to this particular course of trade.

*Per Curiam.* By the words in the policy, *to Barbadoes and a market*, a vessel may *bona fide* go from island to island, until her whole cargo is disposed of ; but we do not mean to say, that the same construction is to be given to a policy, in any other trade than that to the *West-Indies*. Our opinion is, that the plaintiff is entitled to judgment.

Judgment for the plaintiff.